# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____
(To be supplied by the court)

_____ELON EDWARD EVERETT_____, Applicant,

v.

_____MR. RYAN LONG_____, Respondent,
(Name of warden, superintendent, jailer, or other custodian)

and

The Attorney General of the State of: __COLORADO__, Additional Respondent.

*(Note: If you are attacking a judgment that imposed a sentence to be served in the future, you must fill in the name of the state where the judgment was entered. If you are attacking the execution of your sentence and not the validity of a state conviction or sentence, you must file an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. If you are attacking the validity of a judgment entered in a federal court, you must file a motion pursuant to 28 U.S.C. § 2255 in the federal court that entered the judgment.)*

---

## APPLICATION FOR A WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. § 2254

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
DEC 16 2019
JEFFREY P. COLWELL
CLERK

## A. APPLICANT INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

ELON EDWARD EVERETT DOC #95964
(Applicant's name, prisoner identification number, and complete mailing address)

D.R.D.C. UNIT 3B 206 - P.O. BOX 392004   DENVER, CO 80239-8004

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

___ Pretrial detainee
___ Civilly committed detainee
___ Immigration detainee
✗ Convicted and sentenced state prisoner
___ Convicted and sentenced federal prisoner
___ Other: *(Please explain)* _____

## B. RESPONDENT(S) INFORMATION

MR. RYAN LONG
(Respondent's name and complete mailing address)

D.R.D.C. - ADMINISTRATION - P.O. BOX 392004 - DENVER, CO 80239-8004

## C. CONVICTION UNDER ATTACK

Name of the court that entered the judgment of conviction: ARAPAHOE COUNTY DISTRICT COURT

Date the conviction was entered: JULY 21ST 2006

Case number: 05CR3213

Length and type of sentence: 10 YEARS - LIFE, INDETERMINATE

Are you serving any other sentence?   ___ Yes  ✗ No *(check one)*

Offense(s) you were convicted of committing: <u>SEX-ASSAULT - VICTIM HELPLESS</u>

What was your plea? <u>NOT GUILTY</u>

Kind of trial: ☒ Jury ___ Judge only (*check one*)

### D. DIRECT APPEAL

Did you file a direct appeal? ☒ Yes ___ No (*check one*)

Name of the court in which the direct appeal was filed: <u>COLORADO COURT OF APPEALS - 06CA2326</u>

Date and result of direct appeal: <u>NOVEMBER 10TH 2011 - DENIED</u>

Did you seek review in the state's highest court on direct appeal? ☒ Yes ___ No (*check one*)

Date and result of review in the state's highest court: <u>OCTOBER 31ST 2012 - DENIED - 11SC958 MANDATE DECEMBER 3RD 2012</u>

If you did not file a direct appeal, explain why: <u>N/A</u>

### E. POSTCONVICTION PROCEEDINGS

Have you initiated any other postconviction proceedings in any state court with respect to the judgment under attack? ☒ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have initiated more than one postconviction proceeding, use additional paper to provide the requested information for each prior proceeding. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. POSTCONVICTION PROCEEDINGS."*

Name and location of court: <u>ARAPAHOE COUNTY DISTRICT COURT</u>

Type of proceeding: <u>CENTENNIAL, CO - PRO SE CRIM.P. 35(c) MOTION</u>

ADDITIONAL PAGE. "E. POSTCONVICTION PROCEEDINGS"

MOTION FOR RECONSIDERATION OF SENTENCE 35(B)

FILED IN ARAPAHOE COUNTY DISTRICT COURT - DECEMBER 10TH 2012

35(B) MOTION DENIED AUGUST 21ST 2013

NO APPEAL

2(A)

Date filed:                    JUNE 18TH 2014

Date and result:               DENIED - FEBUARY 12TH 2017

Did you appeal?                ✗ Yes ___ No (*check one*)

Date and result on appeal:     DENIED - MAY 30TH 2019 - 17CA381

Did you seek review in the state's
highest court?                 ✗ Yes ___ No (*check one*)

Date and result:               DENIED - SEPTEMBER 30TH 2019, MANDATE OCTOBER 3RD 2019 - 19SC522

## F. STATEMENT OF CLAIMS

*State clearly and concisely every claim you are asserting in this action. For each claim, specify the right that allegedly has been violated and all facts that support your claim. If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "F. STATEMENT OF CLAIMS."*

**WARNING:** *If you fail to assert all of your claims in this application, you may be barred from presenting additional claims at a later date.*

CLAIM ONE: WHETHER THE DISTRICT COURT ERRED IN ADMITTING S.R.'s RAPE KIT

Supporting facts: (A) THE KITS EVIDENCE PROPERTY REPORT AND ENVELOPE WHICH WERE USED TO ESTABLISH THE KIT'S CHAIN OF CUSTODY DID NOT SATISFY CRE 803(6)'s FOUNDATION REQUIREMENTS (b) THE HEARSAY WRITING ON THESE DOCUMENTS VIOLATED MY CONFRONTATION CLAUSE RIGHTS, AND (C) THE PEOPLE DID NOT ESTABLISH A PROPER CHAIN OF CUSTODY FOR THE RAPE KIT; AND (2) TWO POLICE OFFICERS ALLEGEDLY BOLSTERING HEARSAY TESTIMONY AS STATE OF MIND EVIDENCE. (3) ACCORDING TO CONSTITUTIONAL LAW STATE AND FEDERAL AN ALLEDGED VICTIM CANNOT DAYS LATER DIG IN A TRASH CAN AND COLLECT EVIDENCE AND THEN BRING IT TO LAW ENFORMENT AND SAY THIS IS AN UNTAINTED ARTIFACT. PETITIONER WAS PREJUDICED BY THIS UNLAWFUL COLLECTION AND HIS CONVICTION SHOULD BE REVERSED, AND/OR A NEW TRIAL GRANTED.

4

ADDITIONAL PAGE "F. STATEMENT OF CLAIMS"

CLAIM TWO: WHETHER 2 SEXUAL ASSAULTS MUST MERGE BECAUSE THEY WERE BASED ON ONE SEXUAL ACT. THE PROSECUTION KNEW THEY DIDN'T AND THAT THIS WAS ERROR AND DENIED MY RIGHT TO A FAIR AND IMPARTIAL JURY AND MY RIGHT TO A FAIR TRIAL.

CLAIM THREE: WHETHER THE DISTRICT COURT ERRED IN DENYING HIS CHALLENGE FOR CAUSE TO POTENTIAL JUROR D.G. BECAUSE SHE SAID THE CHARGES AGAINST DEFENDANT WERE "SOME EVIDENCE". THIS DENIED MY RIGHT TO A FAIR AND IMPARTIAL JURY AND MY RIGHT TO A FAIR TRIAL.

CLAIM FOUR: WHETHER THE DISTRICT COURT VIOLATED MY RIGHT TO A PUBLIC TRIAL BY CLOSING THE PRELIMINARY HEARING TO THE PUBLIC DURING THE ALLEGED VICTIMS TESTIMONY. THIS SHOULD HAVE NOT BEEN ALLOWED.

CLAIM FIVE: WHETHER THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE CONVICTION FOR SEXUAL ASSAULT OF A PHYSICALLY HELPLESS VICTIM BECAUSE THERE WAS NO EVIDENCE THAT (1) S.R. DID NOT CONSENT BEFORE THE SEXUAL INTERCOURSE BEGAN, (2) DEFENDANT WAS AWARE THAT SHE HAD NOT CONSENTED, OR (3) THE INTERCOURSE OCCURRED WHILE SHE WAS PHYSICALLY HELPLESS. THE DEFENDANT WAS SEVERELY PREJUDICED BY THIS LACK OF EVIDENCE AND THEREFORE DENIED THE RIGHT TO A FAIR TRIAL.

4(A)

ADDITIONAL PAGE "F. STATEMENT OF CLAIMS"

CLAIM SIX: WHETHER A NEW TRIAL WAS REQUIRED BECAUSE (1) THERE WAS NO TRANSCRIPT OF THE HEARING HELD ON HIS REQUEST FOR SUBSTITUTE COUNSEL AND THE RECORD CANNOT BE RECONSTRUCTED AND THEREFORE HE WAS DENIED HIS DUE PROCESS RIGHT TO A MEANINGFUL APPEAL; AND (2) THE DISTRICT COURT ERRED BY DENYING HIS REQUEST FOR SUBSTITUTE COUNSEL

CLAIM SEVEN: WHETHER THE DISTRICT COURT ERRED BY DENYING MY MOTION FOR A MISTRIAL AFTER A WITNESS TESTIFIED THAT THE DEFENDANT HAD BEEN INCARCERATED. THIS WAS HIGHLY PREJUDICIAL AND UNCONSTITUTIONAL AND THE MOTION SHOULD HAVE BEEN GRANTED

CLAIM EIGHT: WHETHER THE DISTRICT COURT ERRED BY OVERRULING DEFENSE COUNSEL'S OBJECTIONS TO STATEMENTS IN THE PROSECUTOR'S REBUTTAL CLOSING ARGUMENT IN WHICH HE (1) MADE UNFOUNDED AND INFLAMMATORY COMMENTS CONCERNING SOCIETAL REACTION TO SEXUAL ASSAULT VICTIMS, AND (2) SUGGESTED DEFENDANT WAS PHYSICALLY DANGEROUS. THESE REMARKS WERE HIGHLY PREJUDICIAL AND SHOULD NOT HAVE BEEN ALLOWED

4(B)

ADDITIONAL PAGE "F. STATEMENT OF CLAIMS"

CLAIM NINE: WHETHER THE COLORADO SEX-OFFENDER LIFETIME SUPERVISION ACT OF 1998 IS UNCONSTITUTIONAL. DEFENDANT CLAIMS (1) THAT IT NOT ONLY CREATES AN UNFAIR LIBERTY INTEREST AND THAT ALL SEX OFFENDER DEFENDANTS ARE NOT SUBJECT TO THIS ACT BASED ON PLEA DEAL DISCRETION BY THE PROSECUTION. (2) THE APPLICATION OF THE LSA OF 1998 IS BEING UNCONSTITUTIONALLY APPLIED AS DEFENDANT WAS NOT PAROLED AT HIS BOTTOM TIER TERM WHICH THE ACT STATES, BUT WAS PAROLED FIVE YEARS LATER IN 2018. (3) THE MAXIMUM SENTENCE FOR A CLASS 3 FELONY IN THE STATE OF COLORADO IS 12 YEARS HOWEVER THE LSA IS SINCE 1998 BEEN INTERPRETED AS LIFE IN PRISON. ACCORDING TO THIS ACT THE "ONLY" WAY THIS SHOULD BE APPLIED IS IF SOMEONE DENIES THE OFFENSE AFTER PLEA OR CONVICTION AND DENIES TREATMENT.

CLAIM TEN: WHETHER THE DISTRICT COURT ERRED BY DENYING MY MOTION FOR AN ABBREVIATED PROPORTIONALITY REVIEW OF HIS SENTENCE

CLAIM ELEVEN: WHETHER THE DISTRICT COURT ERRED BY DENYING MY MOTION FOR AN ABBREVIATED PROPORTIONALITY REVIEW OF HIS SENTENCE

4(c)

ADDITIONAL CLAIMS "F. STATEMENT OF CLAIMS"
PAGE

**CLAIM TWELVE:** WHETHER THE SVP DESIGNATION ON THE MITTIMUS MUST BE STRICKEN BECAUSE THE DISTRICT COURT NEVER DESIGNATED ME AN SVP. THIS DESIGNATION CANNOT BE ADDED JUST BY ANYONE AT ANYTIME. THIS IS UNFAIR, UNFOUNDED AND A VIOLATION OF DUE PROCESS AND ALL MY CONSTITUTIONAL RIGHTS.

**CLAIM THIRTEEN:** INEFFECTIVE ASSISTANCE OF COUNSEL FOR HIS ATTORNEYS:

* FAILURE TO INVESTIGATE THE CHARGES AND EVIDENCE AGAINST HIM
* FAILURE TO CONSULT WITH HIM DURING PRETRIAL AND TRIAL PREPERATION
* FAILURE TO INVESTIGATE HIS BACKGROUND REGARDING ALCOHOL/DRUG ABUSE AND MENTAL HEALTH RELATED ISSUES
* FAILURE TO PREPARE AND PRESENT AN ADEQUATE DEFENSE AND PREPARE AND PRESENT THE AFFIRMATIVE DEFENSE OF CONSENT
* FAILURE TO CHALLENGE THE COURT'S ABUSE OF DISCRETION IN PERMITTING THE INTRODUCTION OF PREJUDICIAL EVIDENCE
* FAILURE TO CHALLENGE THE LACK OF SUFFICIENT EVIDENCE TO SUPPORT THE PROSECUTIONS CHARGES AGAINST HIM
* FAILURE TO CHALLENGE THE PROSECUTIONS' FAILURE AND/OR REFUSAL TO ELECT BETWEEN COUNT ONE AND TWO
* FAILURE TO CHALLENGE THE TRIAL COURT'S USE OF IMPROPER JURY INSTRUCTIONS
* FAILURE TO CHALLENGE THE COURTS ERROR IN IMPOSING AN ILLEGAL SENTENCE
* FAILURE TO INITIATE PLEA DISCUSSIONS WITH THE PROSECUTION AS AN ALTERNATIVE TO PROCEEDING TO TRIAL

4(D)

ADDITIONAL PAGE "F. STATEMENT OF CLAIMS"

CLAIM SIXTEEN: WHETHER FOLLOWING AN EVIDENTIARY HEARING, THE DISTRICT COURT ERRED IN DENYING MR. EVERETT'S MOTION ALLEGING INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL AND INEFFECTIVE ASSISTANCE OF COUNSEL ON DIRECT APPEAL.

CLAIM SEVENTEEN: WHETHER THE DISTRICT COURT WAS WITHOUT STATUTORY AUTHORITY AND THUS WITHOUT JURISDICTION TO DESIGNATE MR. EVERETT A SEXUAL VIOLENT PREDATOR (SVP)

CLAIM EIGHTEEN: WHETHER IN THE ABSENCE OF ANY EVIDENCE THE DEFENSE SPOKE WITH A WITNESS, THE RECORD SUPPORTS A POSTCONVICTION COURT'S DENIAL OF AN INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL CLAIM BECAUSE IT IS "INCONCEIVABLE" THE DEFENSE DID NOT SPEAK TO A WITNESS AND WOULD NOT HAVE MADE SUCH A DECISION NOT TO CALL A WITNESS WITHOUT HAVING A REASON. DEFICIENT PERFORMANCE AND PREJUDICE WERE ESTABLISHED. THIS WAS NOT ADDRESSED BY THE STATES HIGHEST COURT. MEANING RULED ON

4(F)


ADDITIONAL PAGE "F. STATEMENT OF CLAIMS"

CLAIM NINETEEN: WHETHER THE COURT OF APPEALS ERRED IN REFUSING TO ADDRESS LOWER COURT'S AUTHORITY TO DESIGNATE SVP STATUS THIS CLAIM WAS NOT ADDRESSED BY THE STATES HIGHEST COURT. MEANING RULED ON

4(G)

## G. EXHAUSTION OF STATE REMEDIES

*WARNING: You must exhaust available state remedies before filing a habeas corpus action in federal court pursuant to 28 U.S.C. § 2254. Your case may be dismissed if you have not exhausted available state remedies.*

Did you fairly present each claim asserted in this action to the state's highest court?   ☒ Yes ___ No (*check one*)

If you answered "No," please identify which claim(s) have not been fairly presented to the state's highest court and explain why:

## H. PRIOR FEDERAL ACTIONS

Have you filed any prior actions in any federal court challenging the same conviction or sentence under attack in this action?  ☒ Yes ___ No (*check one*).

If the instant action is a second or successive application, have you obtained authorization from the United States Court of Appeals for the Tenth Circuit for this court to consider the application?  ___ Yes ☒ No (*check one*).

*Complete this section of the form if you have filed a prior federal action challenging the same conviction or sentence under attack in this action. If you have initiated more than one prior action, use additional paper to provide the requested information for each prior action. Please indicate that additional paper is attached and label the additional pages regarding prior actions as "H. PRIOR FEDERAL ACTIONS."*

Name and location of court:  UNITED STATES DISTRICT COURT - DENVER, CO

Case number:  11-CV-01238-WYD

Type of proceeding:  28 U.S.C. 2254

Claim(s) raised:  DELAY OF DIRECT APPEAL

Date and result: (attach a copy if available)  JULY 2011

Result on appeal, if appealed:  N/A

5

## I. TIMELINESS OF APPLICATION

*If the judgment of conviction or the sentence under attack became final more than one year prior to the commencement of this action, explain why the application is not barred by the one-year limitation period in 28 U.S.C. § 2244(d). If additional space is needed, use extra paper to explain your answer. Please indicate that additional paper is attached and label the additional pages regarding timeliness as "I. TIMELINESS OF APPLICATION."*

THE TIMELINESS OF THIS APPLICATION IS PROPER. THE STATES HIGHEST COURT JUST ISSUED ITS MANDATE. FROM ALL POST-CONVICTION PROCEEDINGS, -19SC522 WITHOUT VIOLATING THE ONE YEAR TIME BAR LIMITATION

## J. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "J. REQUEST FOR RELIEF."* I AM REQUESTING THIS COURT INSTRUCT THE STATE COURTS TO VACATE SENTENCE AND CONVICTION AND/OR ORDER A NEW TRIAL FOR CLAIMS 1-8, 13-16 AND CLAIM 18. CLAIMS 10, 11 THE SENTENCE VACATED AND THE LOWER COURTS ARE INSTRUCTED TO GIVE AN ABBREVIATED PROPORTIONALITY REVIEW. CLAIMS 12, 17, 19 THE SVP DESIGNATION SHOULD BE STRICKEN AND REMOVED. CLAIM 9, THE LIFETIME SUPERVISION ACT OF 1998 SHOULD BE DEEMED UNCONSTITUTIONAL

## K. APPLICANT'S SIGNATURE

I declare under penalty of perjury that I am the applicant in this action, that I have read this application, and that the information in this application is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this application: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the application otherwise complies with the requirements of Rule 11.

*EP EH #95964*
(Applicant's signature)

DECEMBER 3RD 2019
(Date)

(Form Revised December 2017)

6

I HEREBY CERTIFY THAT A COPY OF THE FOREGOING PLEADING / DOCUMENT WAS MAILED TO MR. RYAN LONG (RESPONDENT) AT D.R.D.C. P.O. BOX 392004, DENVER, CO ON DEC. 14, 2019

EL EP #95964
D.R.D.C. UNIT 3B 206
DENVER, CO 80239-8004

Elon Everett - 95964
D.R.D.C. Unit 3B 206
Denver, Co 80239-8004

Clerk of the Court
Alfred A. Arraj - United States Courthouse
901 19th Street - Room A-105
Denver, Co 80294-3589




U.S. POSTAGE PAID
FCM LG ENV
DENVER, CO
80217
DEC 14, 19
AMOUNT
$1.30
R2305K139589-20